IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. SMITH, | ) | CASE NO. 4:17-cv-02690 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

On November 13, 2017, John A. Smith ("Smith") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Doc. 1, 6. Smith's Petition contends that an arrest warrant issued by the Youngstown Municipal Court for his failure to appear for a final pretrial on misdemeanor charges has interfered with his ability to participate in a halfway house program as part of a federal case sentence and also violates his speedy trial rights. Doc. 6, pp. 2-4. He further alleges that he is actually innocent of failing to appear and complains of ineffective assistance of counsel because the public defenders assigned to his case did not address these issues or file this Petition. Doc. 6, pp. 4-5. He also asks for a hearing necessary to defend his Petition and appointment of counsel based on his indigency. Doc. 6, p. 1.

On May 17, 2018, Respondent filed an Answer/Objection, arguing that the Petition should be dismissed because Smith has not exhausted his administrative remedies. Doc. 13. Smith did not file a response. For the reasons discussed below, the undersigned recommends that the Court **DISMISS** Smith's Petition without prejudice.

---

[1] Smith filed his Petition in the Western District of Pennsylvania. It was transferred to the Northern District of Ohio on December 26, 2017. See Doc. 10.

1

Under 28 U.S.C. § 2241, the writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States." A petition for a writ of habeas corpus pursuant to § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

All Smith's claims hinge on his assertion that the charges pending in the Youngstown Municipal Court prevent him from participating in a half-way house program as part of his federal sentence or being released to home confinement. Smith was released from federal prison on August 17, 2018.[2] On October 16, 2018, this Court advised Smith that his case may be moot and ordered him to file a response within 30 days if he disagreed. Doc. 14. Smith has not filed any response. He has not filed anything that would demonstrate that his case is not moot, e.g., that he is being prevented from participating in a halfway house program. Nor has he demonstrated collateral consequences that may remain ongoing that would save his claim from mootness. *See Winkle v. Shartle*, 2010 WL 3835049, at *1-2 (N.D. Oh. Sept. 29, 2010) (§ 2241 petition challenging the prison's decision regarding home confinement moot because the petitioner had been released; a petition may survive a mootness determination only if the petitioner articulates concrete injuries resulting from the delay in prison placement).

---

[2] See Bureau of Prisons, https://www.bop.gov/inmateloc/Inmate No. 54878-060 (last accessed November 20, 2018). It appears that Smith's federal case is *USA v. Moorer, et al.*, Case No. 4:14-cr-426 (N.D. OH).

For the reasons explained above, the undersigned finds that Smith's Petition is moot. Accordingly, the undersigned recommends that the Court **DISMISS** his Petition without prejudice.

Dated: November 20, 2018

 */s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).